422-0522-WC, Hannah Larson, appellee v. Illinois Workers' Compensation Comm'n, Quad City Skydiving Center Appellant. Stephen Ames is the attorney for the appellant, John Malvick, attorney for the appellee. Okay, Mr. Ames, you may proceed. Good morning, my name is Steve Ames. I represent Quad City Skydiving, being the appellant in this case. I wanted to also say hello to the council. The situation in this case is basically two major issues. We have the question of what the standard of review is. I think it's significant in this case because it's a very interesting situation. But I wanted to pass over that. Because I think that regardless of how the court rules on that, that Quad City Skydiving should prevail in this case. That is because essentially the issue is whether or not there is an employment relationship in this case. It originates out of the fact that the petitioner was flying an airplane on behalf of a respondent, crashed the airplane, was injured, and she claims that she was an employee. The facts are that she, as well as the proprietor of the respondent, Mr. Jensen, would say that they had an oral agreement that she was going to be a volunteer who flew the airplane without any wages, and that she was going to essentially give her time and her services without any pay of any kind. So this raises the particular legal question of whether or not there was consideration for this oral contract. And essentially what we've argued is that there is no consideration because the requirements for consideration would be that the respondent actually gives something of value to the petitioner in this case. And that was not done. There is nothing that's given by the so-called employer, the respondent, to the petitioner in this case in exchange for her services. And in order to argue this case, we've relied on the Supreme Court case that the commission below relied on in finding a lack of consideration, and that is the Chicago case, Board of Education case. And essentially there, we have a very analogous situation in the sense that in Chicago Board of Education, there was a woman who was volunteering to teach and she kept notes on everything she did. She kept the hours of her work and everything. And she submitted this and was even given a certificate of completion of so many hours. And all of this went toward her degree as a person seeking a bachelor's degree in teaching. And this is very analogous here because here the respondent takes notes on her hours as a pilot. She takes notes on when she does it and so forth. And these are useful for her to gain the necessary experience for her to advance and become a licensed airline pilot. Mr. Ames, if I may, I have a question. In the Board of Education case, the teacher, I think her name was Brewer, was probably still paying for her education. She was just sort of in a student teaching situation. Here, she's actually, Ms. Larson is actually saving money and not paying for something that is pretty expensive. Isn't that a significant difference? I think it's certainly a difference, but it doesn't have anything to do with, in my opinion, with consideration. Because the question is, what is it that the respondent is actually giving to the petitioner? And in this case, there's nothing that's actually given. All there is is the idea that she's going to fly and there is no guarantee of hours or how much she's gonna be able to fly and so forth. It's completely incidental and gratuitous for her to be able to log her flight hours. And what I was trying to say with the Chicago Board of Education is it's kind of a more extreme case. She actually gets a certificate from them and so forth. It's like they actually gave something and yet the high court says, no, that's not consideration. I think that less is being given here by far than is being given in the Chicago Board of Education case. In fact, I would say nothing is being given here. But the whole idea is that it's going to be something that is given by the respondent to the petitioner. That's the language in the Supreme Court's case. That's the language that seems to make the difference when absolutely nothing is physically given to the plaintiff petitioner here. There can be no consideration. I would wanna go further in my argument. Basically, there's no mutual assent in this case. And I don't think that there's any question that the employer never anticipated that this would be a contract for hire and that this would be a situation where they would be responsible in any way. There's certainly no payment and no expectation that she would be an employee. And so that's the argument in that sense. And then finally, probably the most interesting argument we have is the gratuitous worker argument. And this is one which comes out of the work of Professor Larson who did the analysis of gratuitous workers. And he describes them exactly the way as in the fact situation as we have now. And I've certainly briefed that and your honors have had opportunity to review that. But it seems to me that there is no room for her to claim herself, that being the petitioner, as an employee when again, the fact scenario with the case are completely analogous to the gratuitous worker case I cited which Professor Larson had cited. And there it was found again, that you don't become an employee just because you volunteer to do something for somebody. And a lot of times people have their reasons for becoming a volunteer. Those reasons are laudable, they're good, they're substantial, they mean a lot to them sometimes. But that does not make them an employee necessarily because what they're doing is they're actually doing the work for something for their own benefit, which is basically trying to get more flight hours so that they're going to be able to get their higher level. That's essentially the argument. Now, when we go back to the issue of the standard of review, I think that again, the standard of review in this case is not as petitioner would have it, but it's a manifest weight standard. And with a manifest weight standard, of course, deferences accorded the commission to some degree and to a large degree. And the question that would be raised there is, well, why in the world should this not be, kind of like a split question between law and fact and does that change it and that sort of thing? The case law that I've cited seems to completely suggest that this is a manifest weight standard on the basis that you have inferences that were drawn from the facts and they create differences in opinion by the various bodies that were deciding this case. Even among the, first the arbitrator says that, says one thing, inferring from the facts and then the next time we get the commission and they differ themselves among themselves as to the facts. But when you're getting differing inferences from the same facts, the case law seems to say that it's going to be a manifest weight case on review. Now, what in particular are we talking about in this case? And I listed some factual issues which certainly lend themselves to different viewpoints. And you had the commission itself which held that there was no payment of money or anything like that. And then you have the dissenting justice who comes out and says, no, I think that that is sufficient for having a blank here, but you know what I'm talking about that it was sufficient as a payment. And secondly, then we have that contradiction in the sense that they have already decided that there is a difference in interpretation of the facts of the case. So counsel's position would tend to be based on his briefs I think to say that there is no different inferences to be drawn from the facts. The facts are the facts and the parties don't differ on those, but clearly the parties did in fact, not the parties but the justices, the arbitrators and the commissioners I should say did differ on those. And so as to whether there was consideration, which is the way- Well, they didn't differ on the facts, didn't they differ on the inferences to be drawn from the facts? Yeah, if I said that wrong, I apologize. I meant the facts they agreed on, but the inference to be drawn from them, they differed on. And that of course is a standard for whether or not it's going to be a manifest weight standard of review. And this was on the specific issue of consideration itself that they were differing. And I think that that sets what it's going to be. But as I've argued, I think that even if it is a de novo a review that we would prevail anyway because the facts so clearly indicate that there was no consideration in this case, there wasn't mutual assent and it was a gratuitous engagement that the petitioner had. Mr. Ames, your time is up. You will have time and reply. Thank you. Thank you. Mr. Malvick, you may respond. Thank you, your honor. If it please the court and the workers panel in this case, my name is John Malvick. I represent Hannah Larson, who was the petitioner in the workers' compensation case and is the appellee before the court here. I would first start by pointing out something in the appellant's brief under the statement of facts since it's apparent that his client, Dennis Jensen disagrees with him on this. At page five of his brief under the statement of facts, it says he, meaning Dennis Jensen, he told her that there was no pay or other compensation for the job, but it was an opportunity to gain experience and quote, flight hours, unquote. She could record in her flight book. Hours she could record in her flight book were valuable to Larson because they could aid her in qualifying to increase her licensure status so she could advance as a paid pilot elsewhere. Specifically, she already had a commercial license and she was seeking a flight instructor rating so she could move on and get an airline transit certificate. That's Mr. Ames' statement of the facts. Also at page five of his brief, she testified that her purpose in agreeing to fly for Quad City Skydiving was so that she could get flight hours. She said she agreed to be an unpaid pilot to help build her flight hours by flying Quad City Skydiving's plane. She did some checking and found at St. Louis, it's actually Lewis University, not St. Louis University, so that's in here, but at Lewis University, she could get training on a Cessna 182, renting it, and they charged $195 an hour for that. However, she did not go to Lewis University. She did not expend $195 an hour to rent a Cessna 182. That's the respondent and the appellant telling you that. Now, in his brief under argument at page nine, he cites the case of Kreps versus the Industrial Commission. And he says the question whether the relation of employer and employee existed at the time of the accident is under the evidence in this case, meaning the Kreps case, that's the court talking, a controverted question of fact. The existence of such relationship is in every case, primarily a question of fact, and can only become a question of law where there is no conflict in the evidence, but one conclusion can reasonably draw on that they're from. That's what the Kreps case stands for. And that shows that in a situation where the evidence is not controverted, then you can apply the law to those uncontroverted facts and it can become a question of law. Now, if you look at Judge Cosby's ruling in the circuit court, he doesn't- Before we go there, Mr. Malvick, what was the standard of review on the Board of Education, Chicago case? I'm not sure of that, but in the Chicago Board of Education versus Industrial Commission case, all they did, they never analyzed, I'm sorry, I take that back. They said that the student, the DePaul University student was a volunteer. She actually signed up for a program that had the word volunteer in it. She was volunteering in the City of Chicago School and the Chicago Public School District under a volunteer program that existed there. Now, it's not really clear from the case whether or not that volunteer program that she signed up for to get volunteer hours in the Chicago Public Schools. It's not clear from the decision whether that was just something that went towards, whether that was a curriculum requirement of DePaul University or whether it went towards her student teaching certificate. I'm not sure on that. I was an education major. I did student teaching and I taught. So you can't be a student teacher without, without, I'm sorry, you can't be a teacher and get an education degree in Illinois without student teaching unless you come from another jurisdiction and were a licensed teacher in another jurisdiction. But in the Chicago Board of Education case, there's another factor that the court talked about in that case, the student in that case tried to argue that, that part of the reasoning of why she did that volunteering was that there was an expectation that she would get hired as a teacher when she graduated. And the court in that case went out of its way to say, there's no evidence. There is no evidence in this case that she would have been hired as a teacher. So, and they actually said, or it's hinted in the decision and the way they wrote it, that if there was evidence that she would have been hired in the future as a teacher, that that decision might've been different. That's kind of like a person who goes and has to do training before they start working a job. And if they get hurt in the training, obviously they're covered under the worker's compact. So- And they're not hired by the respondent. Well, no, but that's not really relevant because I'm not arguing that this Board of Education case is analogous in any way in this situation. If you look at the circuit court's decision in this case, the circuit court, and I'm going to summarize that and then I'm going to quote it for you. But in the circuit court's decision, Judge Cosby doesn't care what the standard of review is. He doesn't care whether it's manifest weight. He doesn't care whether he's reviewing it to NOVO because he's going to reverse the decision to the commission either way. And he tells you that in his decision. Well, are we reviewing the circuit court's decision here? I'm sorry, sorry? Are we reviewing the circuit court's decision here? No, but Judge Cosby spoke on the commission's decision. And when he, you're going to review the commission's decision and determine whether or not the standard of review is to NOVO or manifest weight. And Judge Cosby looked at it and he goes, it doesn't matter. It doesn't matter because that decision of the commission was erroneous. And he, if you look at the appendix page 55, 56 and 57 where Judge Cosby announces his decision and says that he says, it doesn't, he goes, yeah, okay, employer-employee relationship. That's a question of fact. Those are the cases that Mr. Ames cites. However, he goes, I have to acknowledge what Mr. Melvick says, which even the commission is a little bit confused on it. If this is in fact the law, the commission doesn't understand the standard themselves because they're putting it in their questions of law that they are answering versus questions of fact. But what's interesting, honestly, and perhaps I'm going to go afield here and perhaps I'm going to step on my own feet by doing so. But when I read the pleadings in this case and I read the Chicago Board of Education versus the Industrial Commission case, I don't think that case applies here. And so I come down to this sentence of less. As such, we will reverse these determinations only if an opposite conclusion of the commission is clearly apparent. So Judge Cosby, he's going to reverse it no matter what. And I submit to this court that whether it's manifest way to the evidence or whether it's a question of law, this case, the commission's decision is not well-written, it's not well-conceived and it's erroneous. So in giving back to the appellant's brief on page 12, he says, in support of its position that the commission was simply applying the applicable law to the undisputed facts, in its reply brief to the circuit court, petitioner quotes the decision of the commission where it includes a heading conclusions of law. Below that heading, the decision read inter alia and Henry puts it in bold, after carefully considering the evidence and legal precedent the commission finds the petitioner did not meet her burden in proving employee or employee relationship existed on June 29th, 2014. The commission reverses the decision of the arbitrator in its entirety. Well, the respondent in making that argument is ignoring the commission's reference to legal precedent under conclusions of law. I don't think the commission was confused about anything. I think they're reaching a conclusion of law in that section because they are relying on legal precedent, the Chicago Board of Education versus Industrial Commission case, and they're applying it to the undisputed facts. And that's how they reach the conclusion of law that there's no consideration in the case. And that is a misapplication of that case to the facts. So, if you look at the appellant's brief under argument on page 13, he says, on review to the commission, the majority to expounded the facts. It interprets the facts as militating against the finding of consideration and found consideration to be lacking. It said the commissioner, quote, chose to accept the opportunity as a volunteer despite the testimony of petitioner that she undertook that opportunity because it presented a chance to log flight hours and that she could use toward qualifying to be a jet pilot. Well, if you look at the commission decision, they never discussed the facts of the case in the context of what the elements of a contract were. They never did any analysis on offer, acceptance, consideration. They just said, oh, here's the facts. And here's the Chicago Board of Education case. And we think that controls. We think she's a volunteer. No explanation, no nothing. Okay. Now, moving on in the appellant's brief at page 18, he says, not citing any case law, the arbitrator, now commissioner McCarthy, assumed that the extraneous and incidental benefit to the respondent that his business could operate was part of the consideration given by petitioner to respondent and that the extraneous and incidental benefit to the petitioner, the ability to accumulate flight hours and approver credentials was part of the consideration given by respondent. Well, so this actually ignores that kind of statement by the respondent, ignores the arrangement that allowed the petitioner to use respondent's airplane at no cost. And so she could, in her FAA log book, she could log flight hours for nothing. A savings of $195 an hour. Respondent gave her something, the use of its airplane at no cost to the petitioner. It's not incidental. It was the entire reason that the petitioner agreed to fly for the respondent. Let's look at the elements of contract. In this case, we have an agreement. Even Mr. Ames says that. Respondent made an offer. I want you to fly my plane. I'm paraphrasing. Petitioner's acceptance. I agree to fly your plane. What's the consideration? Petitioner, I get to fly your plane for free and accumulate valuable flight hours. Where is that in the record though, counsel? Just stop for a moment there. You alluded to the fact that your opposition had indicated something to that effect in the fact statement and as brief, but where's your best facts that in fact there was this negotiated for employee-employer relationship? Well, Mr. Ames says, and he's citing a common law record at pages 196 to 199, 198 to 199 under the facts that I stated when I opened my argument. So the elements of contract, okay. So for the consideration, petitioner gets to fly. She says, I get to fly your plane for free to accumulate flight hours. Respondent says, I get a free pilot for my business. I can't operate my business without a pilot. So there is consideration that flows both ways. Mr. Malvick, your time is up. Would you like to summarize? No, I'll rely on my brief. Okay, very good. Thank you, counsel. Mr. Ames, you may reply briefly. Mr. Ames. Thank you. Yeah, you know, I think it is important to note that on the issue of consideration that the board of education case is highly analogous issues of what the person wants to do with their advantage, their free time that they get doing what they're doing, the advantage or the opportunity to earn flight hours versus the opportunity to earn time in the classroom. What they plan to do with that is what they do. That's not consideration as a matter of law. What somebody else wants to do, how they benefit subjectively from a contract is not consideration, which consideration is what's given by the one party to another on behalf of the contract. That's consideration. And- Well, doesn't, excuse me, Mr. Ames, doesn't Quad City give Ms. Larson free airtime? I mean, $195 an hour and she works about six to seven hours on Sunday. That's a chunk of change. And that's every Sunday according, or almost every Sunday, according to the record. She volunteered to fly the plane. She gets the incidental or subjective benefit that she can, if she wants to, she can log her flight time. And that has value to her. She likes that. And that goes well for her career. That's fine. But anybody can volunteer for anything and have some sort of subjective benefit that they think that's going to give them. It may give them experience to get another job someday, or it may be something that they really enjoy doing. It makes them feel patriotic, or it makes them feel like they're doing something for the community or for orphans or whoever they're helping and volunteering for. And there's the case where the farmer goes out and clears the field when there's a fire and the fire department basically benefited greatly from the work that he did, but he volunteered to do it. And he did it, he said for community services purposes, well, it benefited him to feel like he was benefiting the community. So yeah, it's somewhat subtle, but I think it's a rule of law that needs to be clear, which is that if you aren't going to be given some form of remuneration that is financial, then it has to be something that is of value to the, I'm not going to go any further there, but I just rely on the case law with regard to the Chicago case board of education. And then I would rely very heavily on this gratuitous worker argument, which is our third argument. And there's Professor Larson explains cases where again, you have this sort of volunteer who assists another person with a view to furthering their own interests. And that's exactly what we have here. She wanted to further her own interests, but she wasn't really given anything. She was taught, she was basically put into the airplane as a gratuitous fire worker. And this may, Professor Larson says what she gains may be self-improvement or self-advancement in some other form, but still you're not an employee just because you get some subjective personal use out of whatever it is that you're attempting to gain. Being desirous of obtaining many flight hours is possible to get a commercial license in the case of Lance versus New Mexico Military Institute, which was cited by Professor Larson. And I cited, that's basically laying it out. They're trying to get free hours so they can fly. That is not considered consideration being given by the employer or would be employer to the employee. Your time is up. Thank you, Mr. Ames. And thank you, Mr. Malavik for your arguments in this matter this morning.